ATTORNEYS

Travis A. Crowell
Lee D. Schuchart
Richard S. Zoellner
Scott L. Stebbins
Mackenzie Christensen
William S. Reabe

# The Law Offices of Crowell & Schuchart, LLC

*A Wisconsin Limited Liability Company*

OFFICES

130 E. Walnut St., 7th Fl.
Green Bay, WI 54301
(920) 430-3090

2014 Hall Avenue,
Marinette, WI 54143
(715) 330-5690

January 23, 2022

The Honorable William C. Griesbach
Senior District Judge - Eastern District of Wisconsin
125 South Jefferson Street
Green Bay, WI 54301-4541

Re: *United States v. Christopher Kone*; sentencing memorandum
Eastern District of Wisconsin Case Number 21-CR-209

Judge Griesbach:

Christopher Kone will appear before the Court for sentencing on January 24, 2022. Kone waives his right to be in person for sentencing and consents to being sentenced via Zoom. Kone consents for multiple reasons. First, if Kone appeared in person he would be subjected to the Department of Corrections quarantine procedures upon his return to State custody, which he hopes to avoid. Second, he would like to resolve this matter quickly since the defense will be requesting a concurrent sentence. Third, the disadvantage to the virtual appearance is limited given the ability to utilize a private breakout room during the hearing if a question arises. Finally, Kone and undersigned counsel had multiple opportunities to review the plea agreement, Presentence Investigation Report (PSR), and sentencing expectations, which should limit the need to be together in-person.

Kone accepted responsibility for serious crimes and if the Court accepts the Rule 11 (c)(1)(C) plea agreement, will result in a sentence of 13 years of imprisonment. A sentence of 13 years imprisonment, concurrent to the State incarceration, followed by a term of five (5) years of supervised release, is a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). The defendant does not object to the conditions of supervised release set forth in the PSR and waives any formal reading of the conditions in open court.

A concurrent sentence of 13 years imprisonment is a significant prison sentence. Even with Kone's extensive criminal history, a 13-year sentence more than quadruples any previous sentence of incarceration and adequately represents the severity of the criminal conduct. Thirteen years in prison represents more than one-half of Kone's adult life. Kone is 37 years old and will be nearly 50 years old upon release. A concurrent sentence is appropriate because the conduct in this case was a significant reason for the revocation of his State extended supervision. Kone has been in state custody since November 12, 2020, with an anticipated release date of November 12, 2022. If the Court does not believe that the Bureau of Prisons will grant Kone custody credit backdating to his arrest date, then Kone requests the Court make the necessary adjustment to his sentence to fully reflect his time in custody.

The sentencing guidelines outlined in the plea agreement reflect a base offense level of 18 under USSG § 2G2.2(a)(1). A two-level increase applied because a computer was used to commit the offense. USSG § 2G2.2(b)(6). The parties agreed Kone should receive a three-level decrease for acceptance of responsibility, which totals an offense score of 17. Kone was a Criminal History Category VI and the resulting guideline range in the plea agreement was 51-63 for each count.

The PSR identifies that a five-level increase for a specific offense characteristic applies based on USSG § 2G2.2(b)(5). Given the definitions of "pattern of activity" and "sexual abuse or exploitation" found in the Commentary, Kone agrees the five-level increase should apply. The PSR identifies an additional specific offense characteristic increase under USSG § 2G2.2(b)(7). Kone objects to the five-level increase and argues only a four-level increase should apply. Kone pled to possession of two videos that contained child pornography. While the PSR argues more than ten videos and other images of child pornography existed, Kone argues that cannot be adequately proven. Sturgeon Bay Officer Chad Mielkie drafted a report on February 3, 2021, which identified four videos that were verified to be Kone and the victim engaged in sexual activity before the victim turned 18. While Officer Mielkie's report mentions other videos and photographs exist, there are no associated dates with the evidence. This is important because Kone and the victim had recorded sexual contact numerous times after the victim turned 18, which would not be categorized as child pornography. If the Court uses the four videos with identifiable dates and multiplies the four videos by 75, as outlined in the USSG and PSR, a four-level increase is warranted. USSG § 2G2.2(b)(7)(C). Given the additional specific offense characteristics, Kone argues his guideline range should be 120-150 months; a total offense level of 26 and a Criminal History Category of VI.

A period of five (5) years of supervised release will help Kone utilize the services offered by Probation and ensure Kone does not stray to his old habits. Kone knows he will register as a Sex Offender, which has its own stigma and limitations associated with it. The defense believes five years of supervised release is appropriate for multiple reasons. First, Kone will be nearing 55 once he is released from his supervised release if the Court follows the defense's recommendation. At that point Kone will either be living a responsible life, or he will have been returned to the prison system. Second, Kone will still register as a sex offender after the five years of supervised release ends, which provides adequate monitoring at that point.

Kone requests the Court recommend the Bureau of Prisons place Kone at FCI Oxford or the federal prison closest to Wisconsin. Given Kone's significant substance abuse problem, Kone requests the Court make him eligible for the Residential Drug Abuse Program, assuming he is eligible. Kone requests the

Court make him eligible for any additional programming that the Bureau of Prisons may find appropriate.

Pursuant to 18 U.S.C. §3553(a), the Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing: just punishment, deterrence, protection of the public, and provision of needed correctional treatment. A concurrent 13-year prison sentence provides a substantial amount of punishment. Kone asks the Court to consider whether a sentence of 10 years of incarceration, to be followed by a five (5)-year term of supervised release, furthers any meaningful penological purpose.

Sincerely,

 _/Lee D. Schuchart/_
(Electronically signed)
Lee D. Schuchart
Attorney for Defendant
WI Bar #1092603
Law Offices of Crowell & Schuchart, LLC
130 E. Walnut Street – Seventh Floor
Green Bay, WI 54301
Telephone: 920-430-3090
Fax: 920-436-9367
Email: lee@titletownattorney.com